**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

STATE OF OHIO, ex rel.
JESSICA LITTLE
PROSECUTING ATTORNEY OF BROWN
COUNTY, OHIO, FOR THE BROWN                   Case No. 1:12-cv-74
COUNTY BOARD OF COMMISSIONERS,              _____

On behalf of Brown County Recorders Office    Hon. _____
And all others similarly situated,

       Plaintiff,

  v.

MERSCORP, INC., MORTGAGE
ELECTRONIC SYSTEM, INC, BANK OF
AMERICA CORPORATION, CCO
MORTGAGE CORPORATION, CHASE
HOME MORTGAGE CORPORATION,
CITIMORTGAGE, INC., CORELOGIC REAL
ESTATE SOLUTIONS, LLC, CORINTHIAN
MORTGAGE CORPORATION, EVERHOME
MORTGAGE COMPANY, FIFTH THIRD
BANCORP., GMAC RESIDENTIAL
FUNDING CORPORATION, GUARANTY
BANK, S.S.B., HSBC BANK U.S.A., N.A.,
HSBC FINANCE CORPORATION, MGIC
INVESTORS SERVICES CORPORATION,
NATIONWIDE ADVANTAGE MORTGAGE
COMPANY, PMI MORTGAGE SERVICES
COMPANY, SUNTRUST MORTGAGE INC.,
UNITED GUARANTY CORPORATION,
WELLS FARGO BANK, N.A., DOE
CORPORATIONS and ENTITIES 1- 300.

       Defendants.

---

## NOTICE OF REMOVAL

    Defendants MERSCORP, Inc. ("MERSCORP"), Mortgage Electronic Registration

Systems, Inc. ("MERS") (erroneously sued as "Mortgage Electronic Registration System, Inc."),

Bank of America Corporation, CCO Mortgage Corporation, EverHome Mortgage Company, GMAC Mortgage LLC,[1] HSBC Bank U.S.A., N.A., HSBC Finance Corporation, and MGIC Investor Services Corporation[2] (collectively, "Defendants"), hereby remove the above-captioned action to the United States District Court for the Southern District of Ohio.  Removal is based on 28 U.S.C. § 1332 and 1441, as amended in relevant part by the Class Action Fairness Act of 2005 ("CAFA"), and authorized by 28 U.S.C. § 1453.

As grounds for removal, Defendants state the following:

## I.     BACKGROUND

1.      On or about December 22, 2011, Jessica Little, Prosecuting Attorney of Brown County, Ohio, filed a complaint styled "Class Action Complaint" ("Complaint") (attached hereto as Exhibit 1), in the Court of Common Pleas for Brown County, Ohio (the "State Court Action"). The State Court Action was assigned case number 20111220.

2.      The Complaint centers on MERS, a private firm created to allow its members to "track roughly 31 million active residential mortgage loans."  Complaint, ¶ 50.  When a mortgage loan is originated, a borrower typically signs a mortgage, which grants the lender a security interest in the borrower's property as security for the loan.  *Id.* ¶ 42.  When a loan is registered with MERSCORP, MERS is listed as mortgagee on the mortgage executed by the borrower.  *Id.* ¶ 47.  Thereafter, MERS serves as mortgagee in county land records on behalf of the lender and subsequent assignees of the loan.  *Id.*  When ownership of a mortgage loan is transferred among MERSCORP members, MERS remains the mortgagee of record, and no mortgage assignment is created.  *Id.* ¶¶ 47-48, 57-59.

---

[1]     Erroneously named as "GMAC Residential Funding Corporation."

[2]     Erroneously named as "MGIC Investors Services Corporation."

3.      Plaintiff Brown County alleges that the use of MERS violates Ohio law because it believes that "[t]he Ohio Revised Code requires that land instruments, which includes both mortgages and mortgage assignments, be recorded in the office of the county recorder of the county in which the premises are situated."  Complaint ¶ 43 (emphasis in original).  Because they did not create and then record assignments of MERS mortgages, Defendants allegedly "use the 'MERS' name to avoid recording in county recording offices each time a mortgage is assigned and thereby avoid paying the attendant county recording fees for each such transaction" that would have been required had assignments been created and recorded.  *Id*. ¶ 57.

4.      Brown County filed the lawsuit on its own behalf, and purportedly on behalf of a putative class comprised of all other Ohio Counties and all other County Recorders' Offices.  *Id.* ¶¶ 1, 61.  It alleges claims for declaratory judgment/permanent injunction (*Id.* ¶¶ 69-72); unjust enrichment (*Id*. ¶¶ 73-77); "statutory violations" (¶¶ 78-83); violation of the Ohio RICO statute, ORC § 2923.1 *et seq.* (¶¶84-93); "public nuisance" (¶¶ 94-96); and "civil conspiracy" (¶¶ 97-101).  For relief, Brown County requests, among other things, certification of the lawsuit as a class action; restitution and disgorgement of "profits, benefits and other compensation Defendants obtained by their wrongful and improper conduct"; a permanent injunction enjoining the alleged "non-recordation" of mortgages and mortgage assignments on real property located in Ohio; damages; and attorneys' fees.  *Id.* at pp. 29-30 (prayer for relief).

## II.    DIVERSITY JURISDICTION

5.      The Court has diversity jurisdiction over this action under 28 U.S.C. § 1332 because the lawsuit is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs.

A.    **The Properly-Joined Parties Are Of Diverse Citizenships**.

6.     Plaintiff Brown County is an Ohio county, and is therefore a citizen of Ohio for purposes of diversity jurisdiction.  *Moor v. County of Alameda*, 411 U.S. 693, 717 (1973).[3]

7.     Defendant MERSCORP Inc. is a corporation incorporated in Delaware with its principal place of business in Virginia, and is therefore not a citizen of Ohio.  *See* 28 U.S.C. § 1332(c).

8.     Defendant MERS is a corporation incorporated in Delaware with its principal place of business in Virginia, and is therefore not a citizen of Ohio.

9.     Defendant Bank of America Corporation is a corporation incorporated in Delaware with its principal place of business in North Carolina, and is therefore not a citizen of Ohio.

10.     Defendant CCO Mortgage Corporation is a division of RBS Citizens, N.A., which is a national association with its main office in Rhode Island.  It is thus a citizen of Rhode Island, and is therefore not a citizen of Ohio.  *See* 28 U.S.C. § 1348; *Wachovia v. Schmidt*, 546 U.S. 303, 318 (2006) (holding that for diversity purposes, a national bank is a citizen of the state designated in its articles of association as its main office).

---

[3]     The caption of the Complaint mentions the "State of Ohio" as the plaintiff.  However, the Complaint thereafter alleges that it was commenced by and through Plaintiff Brown County Board of Commissioners" on behalf of "Brown County's Recorders Office and all other Ohio counties and their respective Recorders Offices" (Complaint ¶ 1), makes no further mention of the State, and instead asserts claims by Brown County for alleged actions that harmed the County and other Ohio counties and Ohio recorders' offices.  Complaint ¶ 44 (recording fees are charged by county recorders); ¶ 54 (alleging "loss of substantial revenues to counties throughout Ohio, including Brown County");. ¶61 ("Plaintiff brings this class action on behalf of itself and all eighty-seven other counties in Ohio").  The naming of the State of Ohio in the caption is therefore disregarded in determining diversity of citizenship.  *Navarro Savings Ass'n. v. Lee*, 446 U.S. 458, 461 (1980) ("a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy").

11.     Defendant Chase Home Mortgage Corporation was a Delaware corporation but is now defunct, and is therefore not a citizen of Ohio or any other state.

12.     Defendant CitiMortgage Inc. is a corporation incorporated in New York with its principal place of business in Missouri, and is therefore not a citizen of Ohio.

13.     Defendant CoreLogic Real Estate Solutions, LLC ("CoreLogic") is a limited liability company whose sole member is CoreLogic Real Estate Information Services, LLC.  The sole member of CoreLogic Real Estate Information Services, LLC is CoreLogic, Inc., a corporation incorporated in Delaware with its principal place of business in California.  Thus, CoreLogic Real Estate Solutions, LLC is a citizen of Delaware and California, and is therefore not a citizen of Ohio.  *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998) ("the citizenship of an LLC for purposes of the diversity jurisdiction is the citizenship of its members").

14.     Defendant Corinthian Mortgage Corporation is a corporation incorporated in Mississippi with its principal place of business in Alabama, and is therefore not a citizen of Ohio.

15.     Defendant EverHome Mortgage Company is a corporation formerly incorporated in Florida with its former principal place of business in Florida, and is therefore not a citizen of Ohio (or any other state).[4]

16.     Plaintiff has named "GMAC Residential Funding Corporation" as a defendant in this case.  GMAC Residential Funding Corporation does not exist.  GMAC Mortgage, LLC (f/k/a GMAC Mortgage Corp.) is a citizen of Delaware and Michigan because it is a limited liability company whose sole ultimate[5] member, Ally Financial, Inc., is a Delaware corporation

---

[4]     EverHome Mortgage Company merged into EverBank on July 1, 2011, and is now known as Everhome Mortgage, an unincorporated division of EverBank, a federal savings association with its headquarters in Florida.

[5]     Ally Financial, Inc. is the sole member of GMAC Mortgage Group, LLC, which is the sole member of Residential Capital, LLC, which is the sole member of GMAC Residential

with its principal place of business in Michigan.  A limited liability company is a citizen of every state in which its members are citizens.  *Cosgrove*, 150 F.3d at 731.  Defendant GMAC Mortgage, LLC is therefore not a citizen of Ohio.

17.     Defendant HSBC Bank USA, N.A. is a national banking association whose articles of association designate McLean, Virginia as the location of its main office.  Thus, HSBC Bank USA, N.A. is a citizen of Virginia, and is therefore not a citizen of Ohio.  *See* 28 U.S.C. § 1348; *Wachovia*, 546 U.S. at 318.

18.     Defendant HSBC Finance Corporation is a corporation incorporated in Delaware with its principal place of business in Illinois, and is therefore not a citizen of Ohio.

19.     Defendant MGIC Investor Services Corporation is a corporation incorporated in Wisconsin with its principal place of business in Wisconsin, and is therefore not a citizen of Ohio.

20.     Defendant Nationwide Advantage Mortgage Company is a corporation incorporated in Iowa with its principal place of business in Iowa, and is therefore not a citizen of Ohio.

21.     Defendant PMI Mortgage Services Company is a corporation incorporated in California with its principal place of business in California, and is therefore not a citizen of Ohio.

22.     Defendant SunTrust Mortgage, Inc. ("SunTrust") is a corporation incorporated in Virginia with its principal place of business in Virginia, and is therefore not a citizen of Ohio.

---

Holding Company, LLC, which is the sole member of Defendant GMAC Mortgage, LLC.  These intermediate entities are all citizens of Delaware and Michigan because they are all limited liability companies whose sole ultimate member is Ally Financial, Inc.

23.     Defendant United Guaranty Corporation is a corporation incorporated in North Carolina with its principal place of business in North Carolina, and is therefore not a citizen of Ohio.

24.     Defendant Wells Fargo Bank, N.A. ("Wells Fargo") is a national banking association whose articles of association designate South Dakota as the location of its main office.  Thus, Wells Fargo Bank, N.A. is a citizen of South Dakota for diversity purposes, and is therefore not a citizen of Ohio. *See* 28 U.S.C. § 1348; *Wachovia*, 546 U.S. at 318.[6]

25.     Pursuant to 28 U.S.C. § 1441(a), the citizenship of defendants sued under fictitious names are disregarded.  Thus, the citizenship of Doe Corporations and "Entities 1-300" are disregarded for the purposes of removal.

26.     The Complaint purports to name Fifth Third Bancorp ("Fifth Third") as a defendant.  Complaint ¶ 29.  However, the citizenship of Fifth Third should be disregarded in determining diversity jurisdiction because it was fraudulently joined to defeat diversity.  The "fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999).  A defendant is fraudulently joined when there is no "colorable cause of action" against it.  *Jerome-Duncan Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999).  Here, it is clear that Fifth Third was fraudulently joined to defeat diversity, and that its citizenship should be disregarded, for multiple reasons:

a)      As an initial matter, aside from generic references to "Defendants," the Complaint is devoid of any allegations that Fifth Third did anything unlawful.  The Complaint contains no allegations regarding Fifth Third except for basic biographical

---

[6]     The Complaint also was filed against Guaranty Bank, F.S.B. (erroneously named as "Guaranty Bank, S.S.B.") but Plaintiff voluntarily dismissed Guaranty Bank, F.S.B. on January 24, 2012.

information and the location of its alleged "principal place of business," along with a generic statement that it "conducts business in the State of Ohio."  Complaint ¶ 29.  There is no allegation in the Complaint that Fifth Third failed to create and then to record any mortgage assignments of MERS-registered loans or any specific allegations with respect to loans secured by property in Brown County.  The absence of specific allegations suggesting wrongdoing by Fifth Third indicates that it was fraudulently joined.  *Maiden v. N. Am. Stainless*, 183 Fed. Appx. 485, 487 (6th Cir. 2005) (defendant fraudulently joined where complaint did not allege it engaged in unlawful activity); *Boladian v. UMG Recordings, Inc.*, 123 Fed. Appx. 165, 169 (6th Cir. 2005) (finding fraudulent joinder where complaint lacked specific allegations about defendant); *Nusbaum v. Apria Healthcare, Inc.*, No. 3:09 CV 2229, 2009 U.S. Dist. LEXIS 117941, at *2-3 (N.D. Ohio Dec. 18, 2009) (defendant fraudulently joined; "the Complaint contains no allegations against [defendant] providing any factual basis for the claims brought by Plaintiff").

b)       Second, the Complaint does not state a colorable claim against Fifth Third because the lawsuit is focused on MERS, the operation of the MERS system, and the allegation that assignments are not created for loans which are registered in the MERS system.  Complaint ¶¶ 45-68.  The central issue in the case will be whether the MERS system, and the fact that assignments are not created or recorded for MERS-registered loans, violates Ohio law.   That legal question will be decided regardless of the presence of Fifth Third as a defendant, and the possibility that a ruling might later have some implication for Fifth Third does not make Fifth Third a necessary party to this case.  *Quality Care Transp. v. ODJFS,* 2010 Ohio 4763, ¶ 33 (Ohio Ct. App. Clark County Oct. 1, 2010).

c)      Third, the Complaint also fails to state any colorable claim against Fifth Third because Fifth Third cannot be liable for not creating or not recording assignments of MERS mortgages.  The Complaint cites only two statues for its assertion that mortgage assignments must be created and recorded, Ohio Rev. Code § 5301.32 and Ohio Rev. Code § 5301.25.  Complaint ¶ 43.  Section 5301.32 is permissive:  it does not require creation of assignments, and states only that "[a] mortgage *may* be assigned" (emphasis added).  Similarly, Section 5301.25 does not require the creation of assignments; it provides only that assignments "shall be recorded in the office of the county recorder of the county *in which the premises are situated*," thus directing the *place* where an assignment must be recorded, *if* the assignment already exists, and *if* a lender chooses to record it.  For that reason, Ohio courts have not held that Ohio law mandates recording of assignments, but rather have recognized that recording laws are permissive, and held that the validity of mortgages and assignments are not affected if they are not recorded.  *Holstein v. Crescent Cmtys*., 2003 Ohio 4760, ¶ 23 (Ohio Ct. App., Franklin County Sept. 9, 2003) ("The Ohio Supreme Court has consistently held that recording is not necessary to give validity to instruments of conveyance, and ***whether or not recorded***, a deed passes title upon its proper execution and delivery, so far as grantor is able to convey it") (emphasis added) (citing *Sidle v. Maxwell*, 4 Ohio St. 236, 240-241 (1854); *Wayne Bldg. & Loan Co. v. Yarborough*, 11 Ohio St.2d 195, 212 (1967)); *U.S. Bank, Nat'l Ass'n v. Morales*, No. 2009-P-0012, 2009-Ohio-5635, 2009 WL 3419542, ¶ 32 (Ohio App. 11 Dist. Oct. 23, 2009) ("recording of the assignment was ***not*** a condition precedent to the right of foreclosure") (emphasis added).[7]

---

[7]      Indeed, that is because the Ohio recording statutes were not passed to generate revenues

d)     Because, as shown above, no duty to create or record an assignment exists under Ohio law, Plaintiff will not be able to prevail on its first cause of action (Count I), for a declaratory judgment or injunctive relief, against Fifth Third.  *Coyne*, 183 F.3d at 491, 493 (defendants were fraudulently joined, including on claim for injunctive and declaratory relief).  Moreover, Plaintiff cannot obtain an injunction because an adequate remedy exists at law (damages).  *Garono v. State*, 37 Ohio St. 3d 171, 173 (1988).

e)     The second cause of action (Count II), for unjust enrichment, also states no colorable claim against Fifth Third.  No unjust enrichment claim can lie against Fifth Third because an essential element of an unjust enrichment claim is "a benefit conferred by the plaintiff upon the defendant," *NuFloor Sys. v. Precision Envtl. Co.*, 2011 Ohio 3669, ¶22 (Ohio Ct. App., Summit County July 27, 2011), and the Complaint does not allege that Plaintiff conferred any benefit upon Fifth Third.  The second cause of action also fails because unjust enrichment requires "retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment" (*id.*), and the Complaint does not allege that Fifth Third retained any benefit conferred by Plaintiff. *See Coomes v. Allstate Ins. Co.*, 2011 U.S. Dist. LEXIS 101164, at *17 (S.D. Ohio Aug. 9, 2011) (defendants fraudulently joined where complaint failed to allege any benefit conferred upon or retained by them).

f)     All of Plaintiff's claims are predicated on Plaintiff's belief that Ohio law requires creation and recordation of mortgage assignments for MERS registered loans. Complaint ¶¶ 43-44.  The violations alleged in Counts III, IV, V and VI derive entirely

---

for counties, but rather were only "meant to protect innocent, subsequent bona fide purchasers of land who have no knowledge of any encumbrances." *Wead v. Kutz*, 161 Ohio App. 3d 580, 586 (Ohio Ct. App., Fayette County 2005).

from the same conduct giving rise to Plaintiff's primary allegation underlying Counts I and II – that Defendants have failed to comply with Ohio law governing the recording of mortgages and mortgage assignments – and do not state any basis for relief independent of Plaintiff's misbegotten theories under Ohio Rev. Code § 5301.25 and § 5301.32.

g)      In addition, Counts III, IV, V, and VI raise no specific allegations regarding Fifth Third, but merely recite alternate theories of relief against "Defendants."[8] None of these Counts sets forth allegations specific to Fifth Third, but instead recite generic allegations against all "Defendants" derived from the same conduct underlying Counts I and II.  For the same reasons that Counts I and II fail to state any colorable claims against Fifth Third, so to do Counts III, IV, V, and VI.  *See Graham v. Am. Cyanamid Co.*, 350 F.3d 496, 515 (6th Cir. 2003) (dismissing plaintiffs' primary causes of action and therefore holding that "as a matter of law, we must dismiss [the] derivative claims as well"); *Bucy v. Aurora Loan Svcs., No. 2:10-cv-1050,  LLC*, 2011 WL 1044045, at *7 (S.D. Ohio March 18, 2011) (holding that after plaintiff failed to demonstrate fraud, her "derivative claim of conspiracy cannot survive").

h)      Thus, Fifth Third was fraudulently joined as a defendant, and its citizenship should be disregarded in determining diversity jurisdiction.  *Taylor v. Depuy*

---

[8]      *See* Count III (Statutory Violations) ("Defendants' conduct in making false statements to the county recorders is a violation of R.C. 2921.13"); Count IV (Ohio RICO) ("Defendants directed a pattern of corrupt activity, in particular filing false and misleading instruments in county recording offices throughout the state of Ohio"); Count V (Public Nuisance) ("The systematic recording of false instruments in County Recorders' offices in violation of Ohio law…and the systematic failure to record all instruments of writing for conveyance…unreasonably interferes with rights common to the public"); and Count VI (Civil Conspiracy) ("Defendants conspired with and amongst themselves to commit numerous unlawful acts, including but not limited to (1) the systematic recording of false instruments…(2) the systematic failure to record all instruments of writing for conveyance…(3) the knowing and intentional tampering with records").

*Orthopaedics, Inc.*, No. 1:22 dp 20523, 2011 U.S. Dist. LEXIS 80576, at *7, 2011 WL

3055295 (N.D. Ohio July 25, 2011) (concluding that non-diverse defendant was

fraudulently joined because plaintiff cannot establish any cause of action against him);

*Stanley v. Deluxe Fin. Servs.*, No. 1:08CV2149, 2009 U.S. Dist. LEXIS 28124, at *24-25

(N.D. Ohio Apr. 2, 2009) (denying motion to remand because in-state defendants were

fraudulently joined).

### B. The Amount In Controversy Requirement Is Satisfied.

27.     For two independent reasons, the amount in controversy substantially exceeds

$75,000.00, exclusive of interests and costs.

28.     The amount in controversy is first established by Plaintiff's allegation that it and

putative class members "have been damaged tens of millions of dollars as a direct result of

Defendants' illegal activities described herein."  Complaint, ¶ 57.  Thus, although Defendants

deny that they are liable to Plaintiff or to the putative class in any amount, the allegations on the

face of the Complaint place substantially more than $75,000.00 in controversy in this action.

29.     Separately, the amount in controversy requirement also is satisfied because

Plaintiff seeks a permanent injunction requiring all future mortgage assignments in all Ohio

counties to be created and recorded.  Complaint ¶¶ 71-72.  In actions seeking declaratory or

injunctive relief, "it is well established that the amount in controversy is measured by the value

of the object of the litigation."  *Cleveland Housing Renewal Project v. Deutsche Bank Trust Co.*,

621 F.3d 554, 560 (6th Cir. 2010).  If an injunction is entered permanently compelling the

creation and recordation of all future assignments for MERS mortgages for decades, such an

order will have a value of the same or greater magnitude than Plaintiff's request for damages as

to prior MERS mortgages.  Although Defendants deny that Plaintiff is entitled to a permanent

injunction, if entered the requested injunction would place at issue well in excess of $75,000.00, exclusive of interests and costs.

### III.    DIVERSITY JURISDICTION UNDER CAFA

30.    The State Court Action is independently removable under the Class Action Fairness Act ("CAFA").

31.    This is a civil action for which the district courts of the United States have original jurisdiction under 28 U.S.C. § 1332(d).  Section 1332(d), part of CAFA, was intended to "expand substantially federal court jurisdiction over class actions.  Its provisions should be read broadly, with a strong preference that interstate class actions be heard in federal court if properly removed."  S. Rep. 109-14, at 43 (2005), reprinted in 2005 U.S.C.C.A.N. 3, 41; see H. Rep. 108-144, at 36-37 (2005).

32.    This Court has Jurisdiction.  Pursuant to 28 U.S.C. § 1332, as amended by CAFA, a putative "class action" commenced after the effective date of CAFA may be removed to the United States District Court embracing the state court where the action was filed if (a) any member of the putative class is a citizen of a state different from any defendant, and (b) the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. Complete diversity among parties is not required.  28 U.S.C. § 1332(d)(2)(A).

33.    CAFA is applicable to the State Court Action because it was commenced after the effective date of the Act.  Notes to 28 U.S.C. §§ 1332 & 1453 ("The amendments made by this Act shall apply to any civil action commenced on or after the date of enactment of this Act," — *i.e.*, February 18, 2005) (citing Pub. L. 109-2, § 9, 119 Stat. 14).

34.    The State Court Action is a "class action" within the meaning of CAFA because it is a "civil action filed under" Ohio Rule of Civil Procedure 23 – *i.e.*, Ohio's analog to Fed. R. Civ. P. 23 and a "rule of judicial procedure authorizing an action to be brought by 1 or more

representative persons as a class action." 28 U.S.C. §§ 1332(d)(1)(B), 1453(a). Defendants

deny, however, that this case could be certified as a class action, and expressly reserve their right

to oppose any motion for class certification filed in this action.

35. <u>Citizenship of Parties</u>. The requisite diversity of citizenship exists under 28

U.S.C. §§ 1332(d)(2) and (d)(7). Plaintiff and the putative class members are citizens of Ohio.

By contrast, as established in Paragraphs 7-24 above, a least one of the Defendants is not a

citizen of Ohio. Indeed, all properly-joined defendants are citizens of states other than Ohio.

Thus, the minimal diversity required by CAFA exists.

36. <u>Amount in Controversy</u>. There is more than $5 million in controversy in this

action. Under 28 U.S.C. § 1332(d), as added by CAFA, the amount in controversy in a putative

class action is determined by aggregating the amount at issue of the claims of all members of the

putative class. 28 U.S.C. § 1332(d)(6). While Defendants deny that Plaintiff or any putative

class member is entitled to recover in any amount, and specifically deny that Plaintiff or any

putative class member is entitled to the relief in the various forms and amounts sought, the

Complaint's allegation of a putative class and the relief sought place an aggregate amount in

controversy of more than $5,000,000.00, exclusive of interest and costs. Complaint ¶ 57

(alleging that plaintiff and putative class "have been damaged tens of millions of dollars as a

direct result of Defendants' illegal activities described herein.").

37. <u>Numerosity</u>. The numerosity requirement of 28 U.S.C. § 1332(d)(2) is satisfied

by the allegations set forth in the Complaint. Plaintiff is an Ohio county, and alleges that it is

seeking to certify a putative class on behalf of both all 88 Ohio counties (Complaint ¶ 61), <u>and</u>

on behalf of individual Recorders' Offices in each of the 88 Ohio counties. Specifically,

Plaintiff alleges that each county maintains its own Recorders Office to which the Defendants

14

allegedly owe recording fees.  Id.  ¶¶ 63-64.  Plaintiff also states in the caption of the Complaint

that it filed the lawsuit "[o]n behalf of Brown County Recorders Office [a]nd all other similarly

situated," and alleges in Paragraph 1 of the Complaint that it filed suit on behalf of "Brown

County's Recorders Office and all other Ohio counties and their respective Recorders Offices."

Complaint, ¶ 1.  Finally, the Complaint makes numerous allegations about alleged violations of

Ohio law in connection with documents to be filed with "the County Recorder" and "other

Recorders throughout the State of Ohio."  Id. ¶¶ 2, 41, 95, 99.  Thus, the putative class, as pled,

consists of 176 members, thereby exceeding the 100 member threshold as set forth in 28 U.S.C.

§ 1332(d)(5)(B).

38.     This case is therefore removable pursuant to 28 U.S.C. § 1332(d)(2) because (i)

the case has been brought as a purported class action and included within the purported class are

more than 100 class members; (ii) at least one member of the purported class is a citizen of a

State different from a removing class defendant; and (iii) the matter in controversy exceeds the

sum or value of $5,000,000.00, exclusive of interests and costs.  See 28 U.S.C. § 1332(d)(2).

39.     Although Defendants do not bear the burden of proof to show that CAFA's

exceptions to jurisdiction do not apply, *McClendon v. Challenge Financial Investors Corp., et*

*al.*, No. 1:08CV1189, 2009 WL 589245 at *13, none of those exceptions is applicable here.

40.     "Home State Exception" Inapplicable.  The "home state exception" under 28

U.S.C. 1332(d)(4)(B) is not applicable to this action.  Under the "home state exception," a

district court shall decline jurisdiction where "two-thirds or more of the members of all proposed

plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which

the action was originally filed."  *McClendon*, 2009 WL 589245 at *13.

41.     The "home state exception" does not apply for two reasons.  First, the lone Ohio

defendant, Fifth Third, is not a "primary defendant."  Courts within the Sixth Circuit have

typically identified the primary defendant(s) by looking exclusively to the face of the complaint

based upon a "settled judicial understanding of 'primary defendants' as those parties having a

dominant relation to the subject matter of the controversy, in contrast to other defendants who

played a secondary role by merely assisting in the alleged wrongdoing, or who are only

vicariously liable."  *McClendon*, 2009 WL 589245, at *13 (*citing Passa v. Derderian*, 308

F.Supp.2d 43, 61–64 (D .R.I.2004); *Kitson v. Bank of Edwardsville*, No. 06–528–GPM, 2006

WL 3392752, at *17 (S.D. Ill. Nov. 22, 2006)); *see also Meiman v. Kenton County, Ky., et al.*,

Civ. No. 10-156-DLB, 2011 WL 350464, at *5-8 (E.D. Ky. Feb. 2, 2011) (discussing "primary

defendant" analysis).

42.     The face of the Complaint demonstrates defendant MERS bears the dominant

relation to the subject matter of this controversy.  The Complaint is replete with allegations

regarding MERS and the MERS business model, Complaint, ¶¶ 1,2, 9-15, 45-60, and each of the

six (6) Counts pled for relief relate directly to MERS and the MERS business model.  *Id.*, ¶¶ 69-

101; *see also* ¶33, *infra*.  In contrast, the Complaint addresses each of the remaining Defendants

through generic references to "Defendants," and in fact, contains no allegations specific to Fifth

Third.  *Id.*  Fifth Third is therefore not a primary defendant in this action.

43.     Even if Fifth Third were considered to be *a* "primary defendant," (which it is not),

the 'home state' exception would not apply.  The "plain language of the [CAFA] statute"

requires that *all* "primary defendants" be residents of the state in which the action was filed in

order for the case to be remanded under the "home state exception."  *McClendon*, 2009 WL

589245, at *12 (internal citations omitted).  No matter how many Defendants Plaintiff may

16

allege to be "primary" in this action, based on the Complaint's allegations, Plaintiff cannot deny that MERS is among them.  As Plaintiffs have admitted that MERS is <u>not</u> a citizen of Ohio, Complaint, ¶¶ 20-21, this action cannot be remanded under the "home state exception" because not all of the "primary defendants" are citizens of Ohio.

44.    <u>"Local Controversy Exception" Inapplicable</u>.  The "local controversy" exception under 28 U.S.C. § 1332(d)(4)(A) likewise does not require remand of this action.  Under the "local controversy" exception, a district court shall decline to exercise jurisdiction over a class action in which (i)(I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed; (II) at least 1 defendant is a defendant (aa) from whom significant relief is sought by members of the plaintiff class; (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and (cc) who is a citizen of the State in which the action was originally filed; and (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and (ii) during the three year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons.  *Am. Gen. Fin. Services v. Griffin*, 685 F. Supp. 2d 729, 733-34 (N.D. Ohio 2010) (*citing* 28 U.S.C. § 1332(d)(4)(A)).  This exception does not apply for two reasons.

45.    First, the limitation imposed by § 1332(d)(4)(A)(ii)-that no other class action asserting similar allegations have been filed within the preceding three years-precludes application of the "local controversy" exception to this action.  On October 13, 2011, plaintiff David P. Joyce, as Chief Prosecuting Attorney for Geauga County, Ohio, filed in the Court of Common Pleas for Geauga County, Ohio (and later removed to the United States District Court

for the Northern District of Ohio, a putative class action on behalf of all counties in Ohio, styled

*State of Ohio, ex rel. David P. Joyce, Chief Prosecuting Attorney of Geauga County, Ohio v.*

*MERSCORP, Inc. et al.*, Civ. No. 11 M 1087 (the "Joyce Action"), asserting nearly identical

factual and legal allegations against almost all of the named Defendants in this action.  The

putative class alleged in the Joyce Action includes Plaintiff Brown County.  The defendants in

the Joyce Action removed that case to the United States District Court for the Northern District

of Ohio on November 14, 2011 (No. 1:11-cv-02474-JG).  The pendency of the Joyce Action,

another class action premised on nearly identical factual and legal allegations filed two months

prior to this one, thus precludes application of the "local controversy" exception.  28 U.S.C. §

1332(d)(4)(A)(ii).

46.     Second, the limitation imposed by 28 U.S.C. § 1332(d)(4)(A)(II)(bb) – that the

local defendant's conduct form a significant basis for the claims asserted by the proposed

plaintiff class – does not apply to Fifth Third because the lawsuit focuses on allegations about

MERS and the MERS system, for the reasons articulated in Paragraph 39 above.  For this

additional reason, the "local controversy" exception to CAFA jurisdiction does not apply.

**IV.     PROCEDURAL REQUIREMENTS**

47.     <u>Removal Is Timely</u>.  Defendants CoreLogic, SunTrust, and Wells Fargo were the

earliest-served defendants, and were served with the summons and complaint on <u>December 29,</u>

<u>2011</u>.[9]  This removal is therefore timely filed.  *See* 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v.*

---

[9]      In addition, defendant MERSCORP, Inc. was served with a copy of the summons and complaint on December 30, 2011; Mortgage Electronic Registration Systems, Inc. was served with a copy of the summons and complaint on December 30, 2011; Bank of America Corporation was served with a copy of the summons and complaint on January 3, 2012; CitiMortgage, Inc. was served with a copy of the summons and complaint on January 3, 2012; EverHome Mortgage Company was served with a copy of the summons and complaint on January 3, 2012; GMAC Mortgage LLC (named herein as GMAC Residential Funding

*Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 351 n.3 (1999); *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533 (6th Cir. 1999).

48.    Removal To Proper Court.  This Court is part of the "district and division" embracing the place where the Complaint was filed—Brown County, Ohio—and so is a proper venue for removal.  28 U.S.C. §§ 115(a)(1) 1446(a).

49.    Pleadings and Process.  Attached hereto as Exhibit 2 is a copy of all process, pleadings, and orders received by Defendants in the State Court Action.  See 28 U.S.C. § 1446(a).

50.    Notice.  A copy of the Notice of Filing of Notice of Removal will be timely filed with the clerk of the state court in which the action is pending and served on Plaintiff's counsel, pursuant to 28 U.S.C. § 1446(d) (attached hereto as Exhibit 3).  A copy of the Notice of Removal to All Adverse Parties will be served promptly on Plaintiff's counsel, pursuant to 28 U.S.C. §§ 1446(a), (d) (attached hereto as Exhibit 4).

51.    Consent.

(a)    Diversity Jurisdiction:  all properly-named and served defendants have either joined this Notice, or provided written consents to removal (attached hereto as Exhibit 5).  *See Harper v. AutoAlliance Intern, Inc.*, 392 F.3d 195, 201-02 (6th Cir. 2004), *quoting Brierly v. Alusuisse*, 184 F.3d 527, 533 n.3 (6th Cir. 1999) (explaining that removal requires consent of "all

_____

Corporation) was served with a copy of the summons and complaint on December 30, 2011; HSBC Bank U.S.A., N.A. was served with a copy of the summons and complaint on January 20, 2012; HSBC Finance Corporation was served with a copy of the summons and complaint on January 23, 2012; MGIC Investors Services Corporation was served with a copy of the summons and complaint on December 30, 2011; Nationwide Advantage Mortgage Company was served with a copy of the summons and complaint on January 3, 2012; and PMI Mortgage Services Company was served with a copy of the summons and complaint on January 3, 2012. Defendants CCO Mortgage Corporation and United Guaranty Corporation have not been served with process as of this date.  Corinthian Mortgage Corporation has not been properly served in this matter, but has elected to waive service.

Case: 1:12-cv-00074-SAS-KLL Doc #: 1 Filed: 01/26/12 Page: 20 of 22  PAGEID #: 20

defendants who have been served or otherwise properly joined.").  The consent of Chase Home Mortgage Corporation and GMAC Residential Funding Corporation[10] are not required because they no longer exist.  *See Hicks v. Emery Worldwide, Inc*., 254 F. Supp. 2d 968, 975 (S.D. Ohio 2003) (holding that non-existent entity need not consent to removal).  The consent of Fifth Third is not required because Fifth Third was fraudulently joined.[11]  *Alexander v. UDV North America, Inc.*, 78 F. Supp. 2d 614, 617 n. 4 (E.D. Mich.  1999) (removing defendant "need not have sought [fraudulently joined defendants'] consent to removal") (internal citations omitted).

(b)  CAFA:  pursuant to 28 U.S.C. § 1453(b), this action may be removed under CAFA without the consent of all Defendants.

52.  Signature.  This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11.  *See* 28 U.S.C. § 1446(a).

53.  Bond and Verification.  Pursuant to Section 1016 of the Judicial Improvements and Access to Justice Act of 1988, no bond is required in connection with this Notice of Removal.  Pursuant to Section 1016 of the Act, this Notice need not be verified.

54.  Based upon the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as amended by CAFA, and the claims may be removed to this Court under 28 U.S.C. §§ 1441, 1446 & 1453.

55.  In the event that Plaintiff seeks to remand this case, or the Court considers remand *sua sponte*, Defendants respectfully request the opportunity to submit such additional argument or evidence in support of removal as may be necessary

---

[10]  Nonetheless, the entity that Plaintiff likely meant to sue, GMAC Mortgage, LLC, joins in this notice of removal.

[11]  Although Fifth Third's consent is not required as a fraudulently joined defendant, Fifth Third has consented to this Notice of Removal ( *see* Exhibit 5).

WHEREFORE, this action is hereby removed to the United States District Court for the Southern District of Ohio.


[Signature page follows]

Dated: January 26, 2012

Respectfully submitted,

/s/ Barbara Friedman Yaksic
Barbara Friedman Yaksic (0014338)
James S. Wertheim (0029464)
McGLINCHEY STAFFORD PLLC
25550 Chagrin Boulevard, Suite 406
Cleveland, OH 44122-4640
Telephone: (216) 378-9905
Facsimile: (216) 378-9910
byaksic@mcglinchey.com
jwertheim@mcglinchey.com

*Attorneys for Defendants Bank of America Corporation, CCO Mortgage Corporation, and EverHome Mortgage Company*

/s/ Anthony J. Coyne
Anthony J. Coyne (0039605)
Michael P. Quinlan (0066718)
MANSOUR, GAVIN, GERLACK &
   MANOS CO., LPA
55 Public Square, Suite 2150
Cleveland, OH 44113-1994
Telephone: (216) 523-1500
Facsimile: (216) 523-1705
acoyne@mggmlpa.com
mquilan@mggmlpa.com

*Attorneys for Defendant MGIC Investor Services Corporation*

/s/ David A. Wallace
David A. Wallace (0031356)
CARPENTER, LIPPS & LELAND LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, OH 43215
Telephone: (614) 365-4100
Facsimile: (614) 365-9145
wallace@carpenterlipps.com

*Attorneys for Defendant GMAC Mortgage LLC (named herein as GMAC Residential Funding Corporation)*

/s/ Jeremy Gilman
Jeremy Gilman (0014144)
Kari B. Coniglio (0081463)
BENESCH, FRIEDLANDER, COPLAN &
   ARONOFF LLP
200 Public Square, Suite 2300
Cleveland, OH 44114-2378
Telephone: (216) 363-4565
Facsimile: (216) 363-4588
jgilman@beneschlaw.com
kconiglio@beneschlaw.com

*Attorneys for Defendants MERSCORP Inc. and Mortgage Electronic Registration Systems, Inc.*

/s/ Joseph A. Castrodale
Joseph A. Castrodale (0018494)
Richik Sarkar (0069993)
Matthew T. Wholey (0086550)
ULMER & BERNE LLP
Skylight Office Tower
1660 W. 2nd Street, Ste. 1100
Cleveland, OH 44113-1448
Telephone: (216) 583-7000
Facsimile: (216) 583-7353
jcastrodale@ulmer.com
rsarkar@ulmer.com
mwholey@ulmer.com

*Attorneys for Defendants HSBC Bank U.S.A., N.A. and HSBC Finance Corporation*